UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 4:25-mj-71446 MAG |
| Plaintiff, | ) | |
| v. | ) | STIPULATED ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| MAURICE HERRON | ) | |
| Defendant(s). | ) | |

For the reasons stated by the parties on the record on 12/18/25, the court excludes time under the Speedy Trial Act from 12/18/25 to 1/7/26 and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

FILED
DEC 18 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

___ Failure to grant a continuance would be likely to result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

___ The case is so unusual or so complex, due to [check applicable reasons] ___ the number of defendants, ___ the nature of the prosecution, or ___ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. See 18 U.S.C. § 3161(h)(7)(B)(ii).

___ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

___ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

X Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

X With the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first paragraph and — based on the parties' showing of good cause — finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

IT IS SO ORDERED.

DATED: 12/18/2025

_Kandis A. Westmore_
United States Magistrate Judge

STIPULATED: _____   _____
Attorney for Defendant                    Assistant United States Attorney

v. 1/10/2019